IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE GLAZIERS, )
ARCHITECTURAL METAL )
AND GLASS WORKERS LOCAL )
UNION NO. 27 WELFARE AND )
PENSION FUNDS, )
) No. 18 CV 4885
)
        Plaintiffs, ) Judge:
)
v. ) Magistrate Judge:
)
METRO GLASS & MIRROR, INC., and )
GDK BUILDER SERVICES, INC. d/b/a )
ALL MIRROR & GLASS, )
)
        Defendant. )

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ, ANDREW S. PIGOTT, and ARNOLD & KADJAN LLP, complain against Defendant, **METRO GLASS & MIRROR, INC.**, and **GDK BUILDER SERVICES, INC. d/b/a ALL MIRROR & GLASS**, as follows:

### COMMON FACTS

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

      (b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are the **TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27**

1

**FRINGE BENEFIT FUNDS** ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Glaziers Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. Defendant, **GDK BUILDER SERVICES, INC. d/b/a ALL MIRROR & GLASS ("ALL MIRROR & GLASS"),** is a corporation authorized to do business in Illinois and is an employer engaged in an industry affecting commerce.

5. **ALL MIRROR & GLASS** incorporated on January 26, 2005. See Ex. A.

6. **GARY FUGIEL** is **ALL MIRROR & GLASS'** president. See Ex. A.

7. **ALL MIRROR & GLASS**'s physical address is 1547 Bourbon Parkway, Streamwood, IL 60107. See Ex. B, C.

8. One of **ALL MIRROR & GLASS**'s phone numbers is (800) 474-1234. See Ex. B.

9. Another of **ALL MIRROR & GLASS**'s phone numbers is (630) 372-8146. See Ex. C.

10. **ALL MIRROR & GLASS'** registered agent is **RICHARD T. FUGIEL**. See Ex. A.

2

11. Defendant, **METRO GLASS & MIRROR, INC. ("METRO GLASS & MIRROR")** is a corporation authorized to do business in Illinois and is an employer engaged in an industry affecting commerce.

12. **METRO GLASS & MIRROR** incorporated on March 6, 1992. See Ex. D.

13. **KEN FUGIEL** is **METRO GLASS & MIRROR**'s president. See Ex. D.

14. **METRO GLASS & MIRROR**'s physical address is 1547 Bourbon Parkway, Streamwood, IL 60107. See Ex. E.

15. One of **METRO GLASS & MIRROR**'s phone numbers is (630) 372-8146. See Ex. E.

16. Another of **METRO GLASS & MIRROR**'s phone numbers is (800) 474-1234. See Ex. F.

17. **METRO GLASS & MIRROR**'s registered agent is **RICHARD T. FUGIEL**. See Ex. D.

18. **KEN FUGIEL** and **GARY FUGIEL** are brothers.

19. **KEN FUGIEL** and **GARY FUGIEL** are related to **RICHARD T. FUGIEL**.

20. At some point, **KEN FUGIEL** had an email address of "k.fugiel@allmirrorandglass.com."

21. On its Facebook page, **ALL MIRROR & GLASS** describes itself as a "Commercial & Industrial•Construction Company•Professional Service." See Ex. C.

22. **ALL MIRROR & GLASS** advertises on its website that it has "SPECIALIZ[ED] IN QUALITY MIRROR AND CUSTOM SHOWER DOOR INSTALLATION FOR OVER 15 YEARS!" See Ex. B.

23. **ALL MIRROR & GLASS** has not existed as a corporation for 15 years.

24. **METRO GLASS & MIRROR**, which shares the same address, at least one phone number, and registered agent as **ALL MIRROR & GLASS,** has existed as a corporation for over 15 years.

25. **METRO GLASS & MIRROR** provides mirror, shower door, and mirror door installation. See Ex. F.

26. **ALL MIRROR & GLASS**'s website contains a link labeled "Commercial Storefronts."

27. Clicking on the "Commercial Storefronts" link leads to project photos of **ALL MIRROR & GLASS**, including the Liberty Volkswagen dealership, a Camping World store, and an Advance Auto Parts store. See Ex. G.

28. **METRO GLASS & MIRROR** also works on commercial storefronts.

29. Union business agents observed a van registered to **ALL MIRROR & GLASS** on a **METRO GLASS & MIRROR** jobsite.

30. **METRO GLASS & MIRROR** employee Dan Sturm's contributions hours have declined by between half and three-quarters since 2012, without apparent explanation.

31. Dan Sturm has not approached the Union about obtaining additional work.

32. On information and belief, **METRO GLASS & MIRROR** employees also work for **ALL MIRROR & GLASS**.

33. The Union sent **KEN FUGIEL** a questionnaire surrounding the relationship between **METRO GLASS & MIRROR** and **ALL MIRROR & GLASS**, but **KEN FUGIEL** refused to provide any information surrounding **ALL MIRROR & GLASS**.

34. Since on or before On December 28, 1993, **METRO GLASS & MIRROR**

4

entered into successive Collective Bargaining Agreements with the Union pursuant to its membership in the Association of Glazing Contractors, pursuant to which it is required to pay specified wages and to make periodic contribution to the Funds on behalf of bargaining unit employees.

35. By virtue of certain provisions contained in the collective bargaining agreements, **METRO GLASS & MIRROR** is bound by the Trust Agreement establishing the Funds.

36. **ALL MIRROR & GLASS** purports to be a non-Union business without any duty to contribute to the Funds.

## COUNT ONE
### *Declaratory Judgment: Alter Ego Liability*

37. Plaintiffs re-allege paragraphs one through thirty-six of the Complaint as though fully set forth herein.

38. **ALL MIRROR & GLASS** and **METRO GLASS & MIRROR, INC.** have common operations through their joint use of addresses, phone numbers, employees, equipment, and by performing the same type of glasswork in the same market.

39. **ALL MIRROR & GLASS** exists for the purpose of permitting **METRO GLASS & MIRROR** to operate free of its collective bargaining obligations.

40. **METRO GLASS & MIRROR** uses **ALL MIRROR & GLASS** to intentionally evade its collective bargaining obligations.

41. **ALL MIRROR & GLASS** is **METRO GLASS & MIRROR**'s alter ego.

42. **METRO GLASS & MIRROR** is **ALL MIRROR & GLASS**' alter ego.

43. As **METRO GLASS & MIRROR**'s alter ego, **ALL MIRROR & GLASS** is liable for **METRO GLASS & MIRROR**'s liabilities, including to the Plaintiff Funds.

44. As **ALL MIRROR & GLASS**' alter ego, **METRO GLASS & MIRROR** is

liable for **ALL MIRROR & GLASS**' liabilities, including to the Plaintiff Funds.

45. As **METRO GLASS & MIRROR**'s alter ego, **ALL MIRROR & GLASS** is bound to **METRO GLASS & MIRROR**'s Collective Bargaining Agreement with the Union and the Trust Agreements of the Plaintiff Funds.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. This Court declare **ALL MIRROR & GLASS** and **METRO GLASS & MIRROR** alter egos of each other.

B. The Court declare, as alter egos of each other, that **ALL MIRROR & GLASS** and **METRO GLASS & MIRROR** are liable for the other's liabilities, including to the Plaintiff Funds.

C. This Court declare, as **METRO GLASS & MIRROR**'s alter ego, that **ALL MIRROR & GLASS** is bound to **METRO GLASS & MIRROR**'s Collective Bargaining Agreement and the Funds' Trust Agreements.

D. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT TWO
*Audit*

46. Plaintiffs re-allege paragraphs one through forty-five of the Complaint as though fully set forth herein.

47. The terms of the Collective Bargaining Agreement and the Trust Agreements require **METRO GLASS & MIRROR** to submit all necessary books and records

to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

48. As **METRO GLASS & MIRROR**'s alter ego, **ALL MIRROR & GLASS** is required by the terms of the Collective Bargaining Agreement and the Trust Agreements to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. This court order **ALL MIRROR & GLASS** to submit to an ERISA fringe benefit contributions audit from January 6, 2005 to the present.

B. Judgment be entered against **ALL MIRROR & GLASS** for all amounts determined to be due by the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,
**TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS**

By: s/ Andrew S. Pigott
One of their Attorneys

Donald D. Schwartz
Andrew S. Pigott
**ARNOLD & KADJAN, LLP**
35 E. Wacker Dr., Ste. 600
Chicago, Illinois 60601
(312) 236-0415